UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CLIPPER WONSILD TANKERS HOLDING A/S, :
ON BEHALF OF PANAMERICAN TANKERS,
INC.                                                        :

         Plaintiff,                           :   08 Civ.
                                                  ECF CASE
     - against -                                 :

PERSEUS SHIPPING PANAMA,                         :

         Defendant.                           :
------------------------------------------------------------X



## VERIFIED COMPLAINT

The Plaintiff, CLIPPER WONSILD TANKERS HOLDING A/S, ON BEHALF OF PANAMERICAN TANKERS, INC. (hereinafter "Plaintiff" or "Clipper"), by its attorneys, Tisdale Law Offices, LLC, as and for its Verified Complaint against the Defendant, PERSEUS SHIPPING PANAMA (hereinafter "Defendant" or "Perseus") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 United States Code § 1333.

2. At all material times, Plaintiff was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Copenhagen.

3. Upon information and belief, at all material times, Defendant Perseus was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Panama.

4. By a charter party dated August 16, 2007, Plaintiff chartered the motor tanker "PANAM SOL" (hereinafter the "Vessel") to the Defendant Perseus for the carriage of a cargo of caustic soda from Oquendo to Buenaventure.

5. Certain disputes arose between the parties regarding Defendant Perseus's failure to pay deadfreight, port costs and other sums due and owing to the Plaintiff in breach of the charter party contract.

6. As a result of Perseus's breach of the charter party contract, Plaintiff will suffer losses in the total principal sum of $225,395.11, as best can now be estimated, exclusive of interest, recoverable costs and reasonable attorneys fees. *See email dated March 10, 2008 attached hereto as Exhibit "1."*

7. Pursuant to the charter party, all disputes arising thereunder were to be submitted to arbitration in London with English law to apply.

8. In accordance with the charter party, the plaintiff will soon commence arbitration in London and appoint its arbitrator.

9. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London proceedings pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in arbitration:

|  |  |  |
|---|---|---|
| A. | Principal claim: | $225,395.11 |
| B. | Estimated interest on the principal claim at 7.5% for three years | $56,342.20 |
| C. | Attorneys fees and arbitration costs: | $70,000.00 |
| Total: |  | $351,737.31 |

10. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendant.

11. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching any assets of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and federal common law attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank,

J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A. which are due and owing to the Defendants, in the amount of **$351,737.31** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Complaint;

C. That this Court recognize and confirm any foreign judgment/award of costs on the claims had herein as a judgment of this Court;

D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: May 20, 2008
New York, New York

The Plaintiff,
CLIPPER WONSILD TANKERS A/S,

By: _____
Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT5263)
TISDALE LAW OFFICES, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 (Phone)
(212) 869-0067 (Fax)
ldavies@tisdale-law.com
ttisdale@tisdale-law.com

-4-

## ATTORNEY VERIFICATION

State of Connecticut  )
                      )   ss: SOUTHPORT
County of Fairfield   )

1. My name is Lauren C. Davies.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for the Plaintiff in this action. I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated: May 20, 2008
       Southport, Connecticut

_____
Lauren C. Davies

—5—

# EXHIBIT 1

Thomas K Larsen

| | |
|---|---|
| From: | BM CPH DSDA |
| Sent: | Mon 10. Mar 2008 13:06 |
| To: | soundtanker@soundtanker.com |
| Cc: | TANK.OPR.NYC; TANK.CTL.CPH |
| Subject: | PANAM SOL - claim of deadfreight, demurrage, and port costs |
| Handled by: | TKL |
| Reference number: | 070364/tkl |
| Vessel name: | PANAM SOL |

To: Soundtanker
Attn: Mark Ellenberg

Cc: Clipper Wonsild Tankers
Attn: Jonathan Athnos / Jeanette Jensen
Attn: Asger Mariegaard

Fm: Danish Defence Club
ref: 070364/tkl

PANAM SOL - claim of deadfreight, demurrage, and port costs.

We kindly ask you to pass the following message on to the charterers of the vessel - Perseus.

QTE

We are Danish Defence Club, acting on behalf of our members Clipper Wonsild Tankers. They have informed us of an unsettled invoice no PANAM00957 in the approximate amount of USD 250,000 in relation to mainly deadfreight and time lost by the vessel waiting for cargo that was never delivered to the vessel.

The vessel W-O Hanhan was supposed to lift a cargo of approximately 7,200 MT of CSS in October 2007. It was later decided that the vessel Panam Sol was to load part of that cargo, or 5,500 MT. Originally, the cargo was to be delivered at Oquendo. The vessel was there for more than 1½ days (22 October, 0530 - 23 October 2200) waiting. Cargo was never delivered. However, orders were then given to the vessel to proceed to Paramongo to load the same amount of cargo. As you recall, once again, the cargo was not available and the vessel left after having waited more an additional 3½ days. In both Oquendo and Paramonga, port dues were incurred.

Failure of the charterers to make available the cargo as agreed, gives rise to our members for a claim of deadfreight, including the port costs incurred. Our members have now calculated their losses due to your breach of the C/P and the final figure comes to USD 225,935.11.

| | | |
|---|---|---|
| Invoice PAN00957 | | 253,580.32 |
| Laytime allowed | | - 38,958.33 |
| Port costs, Oquendo | | 4,355.00 |
| Port costs, Paramonga | | 4,003.00 |
| Additional costs | | 2,415.12 |
| Total: | USD | 225,395.11 |

You have previously been provided the supporting documents and our members look forward to having the said amount remitted to them at the earliest convenience.

We do look forward to your reply.

UNQTE

10.03.2008

We kindly ask you to confirm reception and that the message has been forwarded to the charterers.

Best regards
Danish Defence Club
Thomas K. Larsen

Direct: +45 33 43 34 42
Mobile: +45 21 34 18 55
Fax:    +45 33 32 12 05
www.danishdefenceclub.com

10.03.2008